**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10920
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JUSTIN BRIAN MELTON,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:24-cr-00118-JB-N-1

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Justin B. Melton appeals his 210-month sentence for conspiracy to possess with intent to distribute fentanyl and methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and

846.  He argues that the district court erroneously calculated the applicable Guidelines range by applying a two-level, aggravating role enhancement.  *See* U.S. Sentencing Guidelines § 3B1.1(c) (Nov. 2024).  The government moved to dismiss the appeal, pointing to the appeal waiver in Melton's plea agreement.

Melton's challenge to the district court's Guidelines calculation is barred by the plain text of the appeal waiver.  *See United States v. Boyd*, 975 F.3d 1185, 1191 (11th Cir. 2020).  "As part of the bargained-for exchange represented in this plea agreement," Melton waived his right to challenge his sentence in any "appellate court proceedings," except if the sentence imposed exceeds the statutory maximum or "constitutes an upward departure or variance from the advisory guideline range."  By sentencing Melton to 210-months' imprisonment, the district court neither exceeded the statutory maximum of life, nor imposed an upward departure or variance from the Guidelines range of 210 to 262 months.

Melton is bound by the waiver he knowingly and voluntarily signed.  *See id*. at 1192; *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993).  At the change-of-plea hearing, in a colloquy with the district judge, Melton confirmed—under oath—that he understood that he was waiving his right to bring an appeal like this one.

We therefore **GRANT** the government's motion and **DISMISS** this appeal.